William W. ADAMS, Plaintiff,

v.

UNITED STATES of America,
Defendant and Third-Party Plaintiff,

v.

LAKESHORE COMMERCIAL FINANCE CORPORATION, Third-Party Defendant.

No. 72–C–40.

United States District Court,
E. D. Wisconsin.

Jan. 5, 1973.

Kraemer, Binzak & Sylvan, by Ronald W. Sylvan, Menomonee Falls, Wis., for plaintiff.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for the United States.

Lorinczi & Weiss, by Robert K. Steuer, Milwaukee, Wis., for third-party defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are two motions presently before the court. The third-party defendant, Lakeshore Commercial Finance Corporation, has moved for summary judgment; it has also moved for a preliminary injunction. I have concluded that the motion for summary judgment should be granted and that the motion for a preliminary injunction should be dismissed.

Mr. Adams' complaint seeks a refund of $405.68 which he claims was erroneously assessed against him as an officer of the Skobis Co. The assessment was a part of a 100% penalty assessment under § 6672, Internal Revenue Code, for his alleged failure as an officer of Skobis to pay employee withholding taxes during a period in 1970. In answering Mr. Adams' complaint, the government denied his entitlement to a refund and counter-claimed for the balance of the penalties assessed, the sum of $43,747.12. The government also filed a third-party complaint against Lakeshore alleging that under § 6672 the latter company is "a person who willfully failed to pay over federal income and employment taxes withheld from the wages of employees of the Skobis Company."

The president of Lakeshore has filed an affidavit asserting that Lakeshore made commercial loans to Skobis, but at no time was Lakeshore

". . . nor any of its officers directors nor employees affiliated with the Skobis Company, whether either as an officer, employee, director nor agent of any sort. Neither Lakeshore nor any of its officers, employees, directors or agents was a signatory to checking accounts maintained by The Skobis Company."

A different emphasis is contained in the affidavit submitted by Mr. Adams, who averred as follows:

"That during the year 1970 these loan agreements included provisions whereby Lakeshore would receive all of the earnings and income taken in by The Skobis Company, which earnings and income would be in part applied by Lakeshore against the indebtedness owed to it by The Skobis Company, and would in part be reimbursed to The Skobis Company for the payment of The Skobis Company operating expenses."

The government resists the motion for summary judgment not only by urging that Lakeshore qualifies as a "person" under § 6671 but also by contending that there are issues of fact for trial. It relies on Dunham v. United States, 301 F.Supp. 700 (D.Conn.1969). However, Lakeshore points out that in that case

". . . the third-party defendant bank was not only a secured lender of the taxpayer, as was Lakeshore, but the bank also determined that it would not honor checks drawn upon the taxpayer's account in payment of withholding taxes and that it would honor the checks payable to other creditors at or about the time it dishonored the Government's checks. Lakeshore never had this power."

I believe that the case at bar is more accurately governed by United States v.

Hill, 368 F.2d 617 (5th Cir. 1969), where the court stated:

"We have been cited no case, nor have we found one, in which a bank appears to have been held liable under Section 6672 for the withholding taxes of a borrower."

The third-party defendant in the instant case is like the lender in *Hill* rather than like the one in *Dunham*.

I conclude that the third-party defendant is entitled to an order granting its application for summary judgment. The record demonstrates that there are no substantial factual issues for trial and also that Lakeshore was not a "person" within the meaning of § 6672.

The motion of Lakeshore for a preliminary injunction should be dismissed not only because the court has granted its motion for summary judgment, but also because of the fact that in a letter dated January 2, 1973, Lakeshore's counsel advised the court that Lakeshore had on that same date received a refund from the Internal Revenue Service in the amount of $44,467.61 in connection with this matter.